# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FLOYD HUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 10-2659-CM |
| ) | |
| DOOR CONTROLS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this two-count civil rights action against defendant Door Controls, Inc.,[1] alleging discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. The case is before the court on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint and Prayer for Punitive Damages (Doc. 4), and on the court's Order to Show Cause dated May 3, 2011 (Doc. 8). For the following reasons, the court finds cause is shown and there is no reason to delay granting defendant's motion.

**I.   Order to Show Cause**

On April 7, 2011, defendant Door Controls, Inc., filed Defendant's Motion to Dismiss Count II of Plaintiff's Complaint and Prayer for Punitive Damages (Doc. 4). Plaintiff failed to timely respond to defendant's motion. On May 3, 2011, the court issued an Order directing plaintiff to show cause why defendant's motion (Doc. 4) should not be granted pursuant to Rule 7.4 of the Local Rules of Practice, and directing plaintiff to file its response, if any, to defendant's motion on or

---

[1] Defendant asserts that it is incorrectly named in the complaint as "Door Controls, Inc., d/b/a/ Axcess Door and Hardware." The court will refer to defendant as "Door Controls" or "defendant."

before Tuesday, May 10, 2011. On that date, May 10, plaintiff's counsel submitted an email to Magistrate Judge David Waxse's chambers asserting that "[p]laintiff was unable to log onto his Pacer login on May 10, 2011, and request[s] this court to allow the filing to be done on May 11, 2011." By way of email, he submitted the following: Response to Order to Show Cause and Motion to File Out of Time; a Response to Motion to Dismiss; an Affidavit by plaintiff's counsel, Steven D. Horak; an Affidavit by plaintiff Floyd Huff; and an exhibit which appears to be a charge of discrimination filed with the Kansas Human Rights Commission ("KHRC") and Equal Employment Opportunity Commission ("EEOC"), dated December 9, 2010. The two responses contain Notice of Service statements, certifying that the documents "were served upon defendant on this May 10, 2011 by Electronic means. CM/ECF to Spencer Fain Britt and Brown, attorneys for Defendant [*sic*]." Plaintiff apparently was able to file the documents electronically on May 12, 2011.

Plaintiff also offers an explanation for his failure to timely file a response to defendant's dispositive motion: he was attempting to discover what happened with an amended and a supplemental charge filed with the EEOC, but has been unsuccessful in getting any information on the status of these charges. "Due to the fact he was unable to answer, Plaintiff's counsel mistakenly did not answer the Motion" . . . "but any [response] . . . would be that he needed more time to try to discover what was happening." (Doc. 10, at 1.)

First, the court notes that there are a number of ways plaintiff could have ensured timely filing of his responses to the order to show cause and the motion to dismiss, including physically bringing them to the courthouse to have the clerk's office file them. He did not do so. This raises concerns in the mind of the court relating to, among other things, the accuracy of the certificate of service provisions contained in these documents, which indicate that service was made electronically

-2-

through CM/ECF.  Second, plaintiff's stated reason—that he needed more time—hardly excuses his failure to respond to a dispositive motion.  This court regularly receives requests for extensions of time to respond to dispositive motions.

The manner in which this case appears to be being handled by plaintiff raises a number of concerns for the court.  However, because of the preference for resolving cases on their merits rather than on technicalities, and because the court perceives no prejudice resulting to defendant in so doing, the court will find that plaintiff has established good cause for purposes of the court's Order, and the court will consider the untimely filed material.

As it is now fully briefed, the court takes up the merits of defendant's motion to dismiss.

## II.     Factual Background

As alleged in the complaint, plaintiff began employment with defendant in 1984.  He received good reviews and regular salary increases.  Plaintiff was a member of a labor union.  In April 2009, defendant notified plaintiff that it was laying him off and that it would call him back to work when work picked up.  Plaintiff alleges that defendant laid off and/or discharged plaintiff because of plaintiff's age. In support, plaintiff claims that during the last year of plaintiff's employment and a short time before his employment was terminated, defendant's manager/owner, Dennis Montgomery, asked plaintiff on several occasions when he was going to retire.  Younger employees were not encouraged to retire or asked when they were going to retire.  There was no procedure or objective standard by which defendant chose which employees to lay off: it laid off plaintiff when there were "numerous other employees who were younger than plaintiff."  At the time plaintiff's employment was terminated, two other workers over the age of fifty were also terminated "without justifiable reason."  Plaintiff's position was filled by a younger employee, as were the position of the two other terminated employees.

-3-

Apparently, in November 2009, plaintiff filed a charge of discrimination with the EEOC. In February 2010, plaintiff discovered that defendant was hiring for the position that plaintiff had held. Plaintiff submitted an application for the position. However, defendant failed or refused to communicate with plaintiff in any way regarding hiring him or recalling him from layoff. Instead, defendant hired a younger individual with limited experience. Plaintiff was significantly more qualified for the position than the individual ultimately hired. Plaintiff asserts that, but for his age and/or his filing of a discrimination claim with the EEOC, defendant would have hired plaintiff, and that defendant's actions were due to plaintiff's age and/or in retaliation for engaging in the protected activity of filing the complaint. Plaintiff seeks compensatory and statutory damages, injunctive relief, costs and fees including attorney's fees, pre- and postjudgment interest, punitive damages for the retaliation claim, and relief in the form of reinstatement, or in the alternative, front pay and benefits.

### III. Standards and Discussion

#### *Failure to Exhaust Administrative Remedies Relating to Count II*

Defendant first argues that the plaintiff's failure to exhaust administrative remedies ends his case. Under the ADEA, exhaustion is a jurisdictional prerequisite to suit. *See Shickles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). To exhaust administrative remedies, a plaintiff generally must present his claims to the EEOC or, in Kansas, KHRC, as part of his timely filed administrative EEOC charge and receive a right-to-sue letter based on that charge. *Zhu v. Fed. Housing Finance Bd.*, 389 F. Supp. 2d 1253, 1276 (D. Kan. 2005). The charge "shall be in writing and signed and shall be verified," 29 C.F.R. § 1601.9, and must at a minimum identify the parties and "describe generally the action or practices complained of," 29 C.F.R. § 1601.12(b). Plaintiff must have raised before the EEOC or KHRC every issue he now brings. *Zhu*, 389 F. Supp.

2d at 1276 (citing *Jones v. Denver Post Corp.*, 203 F.3d 748, 755 (10th Cir. 2000)).

Defendant asserts that plaintiff's retaliation claim, contained in Count II of the complaint, was never the subject of an EEOC complaint. In fact, the alleged retaliatory action—refusal to rehire in February 2010—occurred after the November 2009 filing of the EEOC complaint in this case.

Plaintiff, on the other hand, asserts that in August 2010 he filed an amended charge of discrimination with the EEOC to add his retaliation cause of action.[2] (Doc. 9-1, at 1) (plaintiff's affidavit, stating amended charge was filed in August 2010.) It appears, however, that the EEOC's right-to-sue letter did not contain the amended charge. At the time he filed this action, plaintiff apparently filed a supplemental charge with the EEOC relating to the retaliation claim. (Doc. 9-3) (copy of signed but unverified charge containing the retaliation claim dated December 9, 2010.) In his belated response to the instant motion, plaintiff's counsel asserts that he has been unsuccessful in contacting the EEOC or determining the status of the amended or supplemental charges.[3]

In reply, defendant asserts that, after plaintiff filed his untimely response to the motion to dismiss, defendant received materials from the EEOC that purport to be a charge of discrimination filed with the EEOC by plaintiff and a Notice of Right to Sue. The charge, although dated December 9, 2010, appears to have actually been submitted to the EEOC by plaintiff's counsel by way of facsimile on May 8, 2011. The documentation, which defendant provides as exhibits to its reply, indicate an investigator was assigned to the May 8, 2011 charge of discrimination. And, because the charge was untimely, the EEOC issued a Notice of Right to Sue.

---

[2] Plaintiff does not offer evidence of the amended charge allegedly submitted to the EEOC in August 2010.

[3] Although plaintiff asserts he submitted "several" different inquiries to the EEOC by facsimile, plaintiff does not offer evidence of these attempts to contact the EEOC. (Doc. 8, at 1.)

-5-

Defendant's counsel asserts, by way of affidavit, that it contacted the assigned investigator, who stated that she was not aware of—and knew no one else at the EEOC who was aware of—the charges allegedly filed in August 2009 and December 2010, and that the May 8, 2011 charge was the only facsimile transmission received from plaintiff's counsel's office. (Docs. 13-2, 13-3.)

Ultimately, plaintiff bears the burden to establish that he has exhausted administrative remedies. Here, plaintiff has failed to establish that he properly presented the retaliation claim asserted in this action to the EEOC as part of a timely-filed administrative EEOC charge. *Zhu*, 389 F. Supp. 2d at 1276–79. The retaliation claim must therefore be dismissed for lack of subject matter jurisdiction.

### *Punitive Damages*

Defendant also asserts that plaintiff's claim for punitive damages should be dismissed because punitive damages are not available under the ADEA. Plaintiff argues that in the Seventh Circuit, punitive damages are available for retaliation claims under the ADEA, and the Tenth Circuit has not ruled on the issue. (Doc. 9, at 5) (citing *Villescas v. Abraham*, 311 F.3d 1253, 1257 (10th Cir. 2002); *Moscowitz v. Trustees of Purdue Univ.*, 5 F.3d 279 (7th Cir. 1993).) Contrary to plaintiff's argument, the Tenth Circuit has held that "punitive damages are not available under the ADEA," *Bruno v. W. Elec. Co.*, 829 F.2d 957, 966–67 (10th Cir. 1987), and this district has expressly rejected the Seventh Circuit's position creating an exception for retaliation claims. *Goico v. Boeing Co.*, 347 F. Supp. 2d 986, 997 (D. Kan. 2004). Plaintiff's prayer for punitive damages is dismissed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint and Prayer for Punitive Damages (Doc. 4) is granted.

Dated this 9th day of June 2011, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**