# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| FLOYD HUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-2659 CM/DJW |
| ) | |
| DOOR CONTROLS, INC. ) | |
| d/b/a Axcess Door and Hardware, ) | |
| ) | |
| Defendant. ) | |

### STIPULATED PROTECTIVE ORDER

The parties have jointly requested that the Court enter this Stipulated Protective Order. After considering the proposed stipulated protective order, and being fully advised in the premises, the Court hereby **ORDERS** that the following Protective Order be entered in this case:

**1.     Purpose Of Order.**  The purpose of this Order is to prevent the disclosure of matters deemed confidential, under the terms of this Order, to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties.  Discovery in this case may seek private information concerning both parties and non-parties, including Plaintiff's confidential financial and income records; the personnel and/or human resources files regarding Plaintiff, as maintained by Defendant or other prospective, current, and former employers; the personnel and/or human resources files of current and/or former employees of Defendant; and files containing documents and information related to Defendant's personnel decisions, all of which have been maintained in a confidential manner.

Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c). The records identified above constitute sensitive employee records and include personnel-related information. The public disclosure of this information could negatively impact individuals identified in such documents. Accordingly, because the privacy interests in such information substantially outweigh the public's right of access to judicial records, this Protective Order is necessary to protect both the parties and other persons from annoyance and embarrassment.

2. **Confidential Information.** The parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential. The parties have agreed that this shall include: the personnel and/or human resources files regarding Plaintiff, as maintained by Defendant or other prospective, current, and former employers; the personnel and/or human resources files of current and/or former employees of Defendant, to the extent that they are subject to discovery; and files containing documents and information related to Defendant's personnel decisions, all of which have been maintained a confidential manner. Further, "Confidential Information" shall only include information and documents which have been previously maintained as confidential. Where applicable, the parties may designate as Confidential information documents, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents.

3. **Designating Documents And Interrogatory Answers As Confidential.** Any party to this action may designate as "Confidential Information" documents, designated portions of deposition testimony, responses to interrogatories, requests for

admissions, or requests for production of documents produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential." Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion as provided in this Order. The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents relating to the subjects enumerated in paragraph 1 may be designated as Confidential Information.

Parties to this action may also designate deposition testimony relating to the subjects enumerated in paragraph 1 above as "Confidential Information" by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraph 1. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

**4. Disclosure Of Confidential Information.** Any documents or interrogatory answers which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution

or defense of this case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

(a) The parties;
(b) Their counsel, counsel's legal and clerical assistants and staff;
(c) Persons with prior knowledge of the documents or the Confidential Information contained therein;
(d) Interviewees, potential witnesses, deponents, and hearing witnesses, where counsel for a party to this action in good faith determines the individual must have access to such information in order to effectively prosecute or defend this action;
(e) Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;
(f) Any independent document reproduction services or document or video recording and retrieval services; and
(g) Any expert witness or outside consultant retained or consulted by the parties; and
(h) Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to a court order.

5. **Certification To Abide By Protective Order.** Before disclosing Confidential Information to those persons specified in paragraphs 4(f) and 4(g) hereof, counsel shall first give a copy of this Protective Order to such persons who shall read this Protective Order and be fully familiar with the provisions hereof and agree to abide thereby, by signing a copy of the declaration attached to this Protective Order, attached hereto as Exhibit A and incorporated herein by reference.

6. **Disputes Concerning Designation(s) Of Confidential Information.** In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party seeking to

preserve and protect the confidentiality of the information may apply for appropriate relief from this Court.

      **7.**      **Use Of Confidential Information.**  Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom. No information produced in discovery in this case, including but not limited to Confidential Information, shall be used for any purpose other than in connection with this case and any appeals arising therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose. The parties and their counsel shall exercise reasonable care not to disclose information contained in these Confidential documents by placing them in the public records in this case. If a party wishes to use any Confidential Information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, such paper or transcript may be filed under seal only upon separate, specific motion and later order of the Court. The party who wishes to file any Confidential Information under seal shall file a motion pursuant to D. Kan. Rule 5.4.6 and Section II.J of the District's Administrative Procedures for Filing, Signing, and Verifying Pleadings and Paper by Electronic Means in Civil Cases. The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in the trial of this case. The parties do not waive any right to object at trial to the admissibility of any document or during discovery to the discoverability of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

**8. Maintaining Confidentiality.** The recipient of any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area. The recipient shall take care that any such information or the substance or content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than qualified persons, as defined above.

**9. Return Of Confidential Information.** At the conclusion of this litigation, including all appeals, the parties' respective counsel shall, within thirty days, and upon written request by the other party, return all documents which fall under the scope of this Order. If respective counsel fails to make a written request for the return of documents within thirty days of the conclusion of this litigation, their right to do so is waived, and other counsel will destroy such records, and all duplicates thereof, produced by another party. The parties, however, may retain any documents for purposes of preserving a file in this matter or those admitted as exhibits in this case.

**10. Inadvertent Disclosures Of Privileged Materials.** The parties agree that they will cooperate with each other regarding materials that may be attorney-client privileged or work product. To the extent any protected materials inadvertently are produced by one side to the other, said inadvertent disclosure alone will not be deemed a waiver of otherwise applicable privilege(s). Upon receipt of written request for return of inadvertently produced privileged materials, the receiving party shall within 5 business days either (1) return all copies of the materials or, if the claimed privilege is contested, (2) so advise the other party and segregate the materials pending resolution of the dispute. If a dispute arises regarding the privileged nature of any materials, the matter shall be presented promptly and cooperatively to the Court for consideration. Once

inadvertent disclosure of materials is asserted, no further use of the materials shall be made unless and until the Court issues an Order that the materials are not protected by privilege or may otherwise be used in the case.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 24th day of June 2011.

<u>s/ David J. Waxse</u>
David J. Waxse
U.S. Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| FLOYD HUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-2659 CM/DJW |
| | ) |
| DOOR CONTROLS, INC. | ) |
| d/b/a Axcess Door and Hardware, | ) |
| | ) |
| Defendant. | ) |

### DECLARATION AND EXHIBIT "A" TO PROTECTIVE ORDER

I, _____, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

My signature below indicates that I have read the Protective Order which is dated _____ and marked with the caption of this case, and I understand and agree to its terms.

_____
*Signature*

Respectfully submitted by:

SPENCER FANE BRITT & BROWNE LLP

s/ Eric P. Kelly
David L. Wing         KS # 9790
Eric P. Kelly         KS # 22503
Lindsay Todd Perkins  KS # 23528
9401 Indian Creek Parkway
40 Corporate Woods, Suite 700
Overland Park, Kansas  66210
Telephone:    (913) 345-8100
Facsimile:    (913) 345-0736
dwing@spencerfane.com
ekelly@spencerfane.com
ltoddperkins@spencerfane.com
Attorneys for Defendant



s/Steve Horak
Steve Horak
10215 Hardy
Overland Park, KS 66212
(913) 381-6515
horaklawoffice@yahoo.com
Attorney for Plaintiff